## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

LAWRENCE D'ELIA,

        **Plaintiff,**                                      **CASE NO.**

vs.                                                    **JURY TRIAL DEMANDED**

HILLCREST, DAVIDSON, AND
ASSOCIATES, LLC,

        **Defendant.**

_____/

## COMPLAINT

Plaintiff, LAWRENCE D'ELIA("Plaintiff"), alleges the following Complaint against Defendant, HILLCREST, DAVIDSON, AND ASSOCIATES, LLC ("Defendant"):

1.     This is an action for damages for violations of the Telephone Consumer Protection Act (hereinafter, the "TCPA"), the Fair Debt Collection Practices Act (hereinafter, the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.*

## PARTIES

2.     Plaintiff is a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1692a(3).

3.     Defendant is a foreign company with its principal place of business in Texas. Defendant has a registered agent located in the State of Florida, and the actions forming the basis of this Complaint took place at Plaintiff's home location in this district.

4.     Defendant is a "person" subject to regulation under Fla. Stat. § 559.72 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

-1-

## JURISDICTION AND VENUE

5.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 for the TCPA claim, 15 U.S.C. § 1692k(d) for the FDCPA claim , and should exercise supplemental jurisdiction over the state FCCPA claims pursuant to 28 U.S.C. § 1367(a), as such claims are so closely related so as to form part of the same case or controversy.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that the acts giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

7.      Plaintiff allegedly incurred a debt through services for a residential alarm system with Vision Security in the amount of $2,740.83 (hereinafter "Subject Debt").

8.      The Subject Debt went into default and was then assigned or consigned to, transferred to, or purchased by, Defendant for purposes of collection.

9.      The Subject Debt is considered a "consumer debt" as defined by the FDCPA and FCCPA, as it constitutes an obligation for the payment of money arising out of a transaction in which the money and/or services which was the subject of the transaction was primarily for Plaintiff's personal, family, or household purposes.

10.     At some point in or around 2014, Defendant began a campaign of harassing and abusive efforts to collect the debt owed by Plaintiff.

11.     As part of its efforts to collect the debt, Defendant began a campaign of calling Plaintiff's cellular phone, (XXX-XXX-8961), and Plaintiff's home telephone, (XXX-XXX-9887), numerous times. These calls were often made simultaneously.  Plaintiff repeatedly requested that Defendant stop calling his cellular phone and his home phone as he explained why he refused to pay the Subject Debt.

12.     Defendant routinely used an automatic telephone dialing system to call Plaintiff on his cellular phone, for which Plaintiff was charged, without Plaintiff's prior express consent, and after Plaintiff demanded that Defendant stop calling his cellular phone.

13.     When Defendant called Plaintiff's cellular phone, he would answer and there would be background music playing. When Plaintiff asked for the calls to stop to his cellular phone, Defendant's representative answered "it was the auto-call system doing it." (Or something similar to that effect).

14.     The Defendant made over fifty (50) calls to Plaintiff's cellular phone, or as will be established after a thorough review of Defendant's records. Below is a non-exclusive sampling of some of the calls:

       a.  2/15/14, 9:29 a.m.

       b.  2/17/14, 1:10 p.m.

       c.  2/18/14, 12:17 p.m.

       d.  2/21/14, 11:16 a.m.

       e.  2/24/14, 6:18 p.m.

       f.  3/4/14, 6:22 p.m.

       g.  3/8/14, 12:45 p.m.

       h.  3/31/14, 12:56 p.m.

       i.  4/3/14, 12:34 p.m.

       j.  4/4/14, 9:32 a.m.

       k.  4/4/14, 4:52 p.m.

       l.  4/11/14, 1:12 p.m.

       m. 4/14/14, 5:27 p.m.

    n.  4/15/14, 11:26 p.m.

    o.  4/30/14, 5:54 p.m.

    p.  5/1/14, 2:54 p.m.

    q.  5/2/14, 10:24 a.m.

    r.  5/5/14, 7:11 p.m.

    s.  5/6/14, 1:54 p.m.

    t.  5/7/14, 4:03 p.m.

    u.  5/8/14, 11:14 a.m.

    v.  5/9/14, 11:53 a.m.

    w.  5/13/14, 11:48 a.m.

    x.  5/14/14, 11:52 a.m.

    y.  5/19/14, 6:07 p.m.

    z.  5/22/14, 5:24 p.m.

    aa. 5/23/14, 9:39 a.m.

    bb. 5/30/14, 5:09 p.m.

    cc. 6/11/14, 4:30 p.m.

    dd. 6/12/14, 6:03 p.m.

    ee. 6/13/14, 9:43 a.m.

    ff. 7/29/14, 6:23 p.m.

15.    On April 14, 2015, Defendant called Plaintiff's cellular phone and home phone simultaneously. After Plaintiff requested Defendant stop calling, Defendant stated they would call every day. When Plaintiff's girlfriend answered the home phone, Defendant hung up.

16.     On April 15, 2015, Defendant called Plaintiff's cellular phone and home phone simultaneously.  After Plaintiff requested Defendant stop calling, Defendant stated they would call every day.  When Plaintiff's girlfriend answered the home phone, Defendant hung up.

17.     On April 16, 2015, Defendant called Plaintiff's cellular phone and home phone simultaneously.   Plaintiff answered the cellular phone, and Defendant said "this call is being recorded" and then hung-up.  When Plaintiff's girlfriend answered the home phone, Defendant hung up.

18.     On April 17, 2015, Defendant called Plaintiff's cellular phone but he missed the call.

19.     On May 4, 2015, May 7, 2015, and May 12, 2015, Defendant called Plaintiff's cellular phone and home phone simultaneously.   When Plaintiff answered his cellular phone to request Defendant stop calling, Defendant hung up and when Plaintiff's girlfriend answered the home phone, Defendant hung-up.

20.     Despite Plaintiff informing the Defendant for his reasons of non-payment towards the Subject Debt and taking all reasonable measures at negotiating a resolution to the Subject Debt, the Defendant continued its efforts to try and collect the Subject Debt from Plaintiff.  As a result, the Defendant's subsequent attempts to persuade Plaintiff were made with the intent to simply exhaust Plaintiff's will and harass Plaintiff.

21.     The above-referenced conduct was a willful attempt by Defendant to engage in conduct which was reasonably expected to abuse or harass Plaintiff.  Defendant's conduct has caused Plaintiff significant anxiety and distress.

## COUNT III

### VIOLATIONS OF THE TELEPHONE COMSUMER PROTECTION ACT
### 47 U.S.C. § 227 *et seq.*

22.     Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully stated herein.

23.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ... to any telephone number assigned to a ... cellular telephone service ..." 47 U.S.C. § 227(b)(1)(A)(iii).

24.     The Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice, without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

25.     These calls were made without regard to whether or not the Defendant had first obtained express permission from Plaintiff to make such calls. In fact, the Defendant did not have prior express consent to call Plaintiff's cellular telephone number. As such, the Defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

26.     As a result of the Defendant's conduct and pursuant to Section 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500 in damages for each violation.

27.     Because the Defendant knew or should have known that Plaintiff had not given prior express consent to receive their autodialed and prerecorded voice calls to her cellular telephone – and /or willfully used an automatic telephone dialing system and/or prerecorded voice message to call Plaintiff's cellular telephone without prior express consent – Plaintiff requests the Court to treble the amount of statutory damages available to Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

WHEREFORE, Plaintiff demands judgment against the Defendant for damages, costs, and such further relief as this Court deems just and proper.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. 1692 § *et seq.*

28.     Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though stated fully herein.

29.     The foregoing acts and omissions of Defendant constitute multiple violations of the FDCPA, including 15 U.S.C. §§ 1692d and 1692d(5).

30.     As a result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment against Defendant for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT III

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
### FLORIDA STATUTES § 559.55 *et seq.*

31.     Plaintiff incorporates by reference paragraphs 1 through 21 of this Complaint as though fully stated herein.

32.     The foregoing acts and omissions of Defendant constitute a violation of the FCCPA:

a.     Fla. Stat. 559.72(7):   Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

33.     As a result of Defendant's violation of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to damages in an amount up to $1,000.00 for violation of the FCCPA, actual damages, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for actual and statutory damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

**DISPARTI LAW GROUP, P.A.**

*/s/ Jon Dubbeld*_____
Paul Fowkes, Esq.
Fla. Bar No. 723886
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
Jon Dubbeld, Esq.
Fla. Bar No. 105869
2154 Duck Slough Blvd., Suite 101
Trinity, Florida 34655
(813) 221-0500
(727) 943-3203 (Facsimile)
*Attorneys for Plaintiff*s